IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                             No. CR 18-0223 JB

KINSLEY UFEMBOU AKENDEU,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to Paragraphs 23, 31, 29 and 34 of the Presentence Report, filed December 11, 2018 (Doc. 42)("Objections"). The primary issues are: (i) whether, because Task Force Officer S.C. suffered a permanent, coke-can-bottom-sized scar on his shoulder after Defendant Kinsley Unfembou Akendeu bit him, the Court should apply a 6-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2A2.2(b)(3)(E) (U.S. Sentencing Comm'n 2018)("U.S.S.G."), for "Aggravated Assault" causing injury between "serious bodily injury and permanent or life-threatening bodily injury," U.S.S.G. § 2A2.2; (ii) whether, U.S.S.G. § 3A1.2(b)'s official-victim enhancement does not apply because § 3A1.2(b) does not apply when the offense guideline specifically incorporates a § 3A1.2 factor, i.e., that the victim is a government official, and Akendeu is sentenced pursuant to U.S.S.G. § 2A2.2(b)(7) for "assaulting, resisting, or impeding certain officers or employees," 18 U.S.C. § 111; and (iii) whether, although Akendeu did not select Special Agent J.P. and S.C. as victims specifically because of their status as law enforcement officers, the Court should apply a 6-level enhancement pursuant to § 3A1.2. First, the Court will apply the 7-level enhancement for

"permanent or life-threatening bodily injury." U.S.S.G. § 2A2.2(B)(3)(C). Section 2A2.2(b)(3)(E), which the Presentence Investigation Report ¶ 10, at 3, filed September 25, 2018 (Doc. 35)("PSR"), applies provides a 6-level sentencing enhancement for injuries sustained between the degrees of seriousness that § 2A2.2(b)(3)(B), "serious bodily injury," and (C), "permanent or life-threatening bodily injury," describe. U.S.S.G. § 2A2.2(b)(3)(E). Section 2A2.2(B)(3)(B) provides a 5-level enhancement for "serious bodily injury," defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty or requiring medical intervention such as surgery, hospitalization or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(M). See U.S.S.G. § 2A2.2 cmt. n.1. Section 2A2.2(B)(3)(C) provides a 7-level enhancement for "permanent or life-threatening bodily injury," defined as "injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent or an obvious disfigurement that is likely to be permanent." U.S.S.G.§ 1B1.1 cmt. n.1(J). See U.S.S.G. § 2A2.2 cmt. n.1. Section 2A2.2(B)(3)(A), which Akendeu argues applies, see Objections at 4, provides a 3-level enhancement for "bodily injury," defined as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 cmt. n.1(B). See U.S.S.G. § 2A2.2 cmt. n.1.

The Court will apply the 7-level enhancement for "permanent or life-threatening bodily injury." U.S.S.G. § 2A2.2(B)(3)(C). "The plain language of application note 1([k]) encompasses injuries that may not be terribly severe but are permanent, hence the disjunctive: 'permanent or life-threatening injuries.'" United States v. Phillips, 239 F.3d 829, 848 (7th Cir. 2001)(quoting United States v. Price, 149 F.3d 352, 354 (5th Cir. 1998)). "The fact that there are cases that have

found other, arguably more severe, injuries as permanent or life threatening bodily injuries under § 2A2.2(b)(3)(C) is of no moment . . . ." United States v. Jacobs, 167 F.3d 792, 798 (3d Cir. 1999). Permanent scars warrant the 7-level "permanent or life-threatening bodily injury" enhancement. U.S.S.G. § 2A2.2(B)(3)(C). See e.g., United States v. Bell, 742 F. App'x 439, 441-42 (11th Cir. 2018)(unpublished)(holding that a scar from a gunshot wound to the face was a permanent injury); United States v. Eloi, 652 F. App'x 786, 791 (11th Cir. 2016)(unpublished)(holding that a district court did not clearly err in concluding that an injury from being hit "in the head with a gun," and that resulted in stitches and a scar, "constituted a permanent disfigurement"); United States v. Montalban, 604 F. App'x 100, 104 (3d Cir. 2015)(unpublished)(holding that facial scars remaining after hospitalization and nine stitches could constitute a permanent injury); United States v. Jim, 359 F. App'x 819, 821 (9th Cir. 2009)(unpublished)(concluding that a district court did not clearly err in concluding that a facial scar which resulted from an injury requiring seventy-two sutures and that was noticeable daily warranted a seven-level enhancement); United States v. Webster, 500 F.3d 606, 608 (7th Cir. 2007)("Prominent facial scars are a form of 'obvious disfigurement.'"); United States v. Bruce, 256 F. App'x 520, 522-23 (3d Cir. 2007)(unpublished)(concluding that scars on the body from being branded with the letters "IM thief" warranted a six-level enhancement); United States v. Miner, 345 F.3d 1004, 1006-07 (8th Cir. 2003)(upholding a district court's conclusion that a "permanent scar from removal of a bullet from his neck and the presence of a bullet inside his body supports the permanent injury enhancement"))(unpublished)(unpublished. S.C. "has a permanent scar on his shoulder about the size of the bottom of a coke can." PSR ¶ 16, at 4. The Court, thus, concludes that S.C.'s injuries warrant the 7-level "permanent or life-threatening bodily injury" enhancement. U.S.S.G.

§ 2A2.2(B)(3)(C). In a case in which the Court concluded that the 6-level enhancement for "quote language," U.S.S.G. § section, applied, United States v. Francisco, No. CR 11-0189 JB, 2012 WL 3150319 (D.N.M. July 31, 2012)(Browning, J.), the Court concluded that a thirteen centimeter laceration warranted the enhancement, because the injury would likely "leave a noticeable scar," but the Court could not determine whether "the injury would be 'an obvious disfigurement.'" 2012 WL 3150319, at *1, *9 (quoting U.S.S.G.§ 1B1.1 cmt. n.1(J)). Here, the PSR indicates that S.C.'s scar is obvious and permanent. See PSR ¶ 16, at 4. The victim's scar remains, suggesting that it is permanent. See Second Addendum to the Presentence Report, at 2, filed December 12, 2018 (Doc. 43)("Second Addendum"). Accordingly, the Court will apply the 7-level enhancement.

The "cumulative adjustments from application of" §§ 2A2.2(B)(2) and (3) "shall not exceed 10 levels." § 2A2.2(B)(4). Accordingly, that the Court will apply the 7-level enhancement, which would increase the cumulative adjustments to 11 levels, does not change the adjusted offense level subtotal, because the adjusted subtotal is capped at 10 levels. The current cumulative adjustments are at 10 levels, because United States Probation has already adjusted the subtotal by applying the 6-level enhancement pursuant to § 2A2.2(B)(3)(E) rather than the 7-level enhancement pursuant to § 2A2.2(B)(3)(C).

Second, the Court concludes that the 6-level enhancement under § 3A1.2(b) applies if Akendeu's conduct satisfies the enhancement, even though § 2A2.2(b)(7), under which Akendeu is sentenced, references 18 U.S.C. § 111(b), which criminalizes "assaulting, resisting, or impeding" federal officers or employees. 18 U.S.C. § 111(b). See U.S.S.G. § 2A2.2(b)(7). The Commentary to § 3A1.2(b) states that the adjustment does not apply "if the offense guideline specifically incorporates this factor," but the Commentary notes that "[t]he only offense guideline

in Chapter Two that specifically incorporates this factor is § 2A2.4." U.S.S.G§ 3A1.2(b) cmt. n.2. See United States v. Rue, 988 F.2d 94, 97 (10th Cir. 1993)(applying § 3A1.2 when the offense guideline is § 2A2.2). The PSR lists Akendeu's offense guideline as § 2A2.2 and not § 2A2.4. See PSR ¶ 19, at 5; id. ¶ 27, at 5. Accordingly, the offense guideline does not specifically incorporate the § 3A1.2 official-victim factor, and the 6-level enhancement applies if Akendeu's conduct satisfies the enhancement.

The Court does not agree with Akendeu's argument that the 6-level enhancement under § 3A1.2(b) does not apply because his conduct does not meet the enhancement's requirements. Section 3A1.2(b) provides a 6-level enhancement when the offense is an "offense against the person" and the requirements in § 3A1.2(a) are met, i.e., "[i]f (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status." U.S.S.G. § 3A1.2(a)-(b). United States Courts of Appeals have upheld enhancements under § 3A1.2 when the defendant knew that the victim was a government officer or employee, and the motivation for the action arose from the tasks that the government officer performed because of his or her status as a government officer. See United States v. Williams, 520 F.3d 414, 424 (5th Cir. 2008); United States v. Talley, 164 F.3d 989, 1003-04 (6th Cir. 1999). In United States v. Williams, the United States Court of Appeals for the Fifth Circuit held that a defendant was motivated by a corrections officer's status as a corrections officer when the defendant assaulted the corrections officer allegedly for his inappropriate touching during a pat-down. See 520 F.3d at 424. The Fifth Circuit concluded that "the sole reason Williams's allegation of improper touching by Officer Bordelon arose was because Officer Bordelon was

employed as a corrections officer . . . ." 520 F.3d at 424. Similarly, in United States v. Talley, the United States Court of Appeals for the Sixth Circuit concluded that an agent's official status motivated a defendant seeking to eliminate witnesses before his trial, when the defendant solicited someone to kill the FBI agent. See 164 F.3d at 1004. The Sixth Circuit noted that the "very reason" that the agent acted as a witness was "because of his official status" and that the defendant wanted to kill the agent, because the agent "in performing his duties as a government official, had obtained incriminating information and would therefore be able to testify against" the defendant. 164 F.3d at 1004. See United States v. Kwaja, 691 F. App'x 214, 214 (5th Cir. 2017)(unpublished)The sole reason Kwaja's altercation with the officer arose was because the officer was acting in his official capacity as a federal policeman."), cert. denied, 138 S. Ct. 414 (2017); United States v. Rue, 988 F.2d 94, 95, 97 (10th Cir. 1993)(upholding § 3A1.2's application when a prisoner attacked a prison guard attempting to take a "homemade hypodermic syringe" from the prisoner). Here, like the victims in United States v. Talley and United States v. Williams, J.P. and S.C. were victims, because they acted in their official capacities in trying to arrest Akendeu. See PSR ¶ 10, at 3. J.P. identified himself with his Drug Enforcement Administration badge and S.C. issued several commands to Akendeu while attempting to arrest Akendeu. See Second Addendum. Akendeu argued with S.C. and attempted to avoid arrest by J.P. and S.C.. See Second Addendum at 1. Accordingly, a preponderance of the evidence supports that Akendeu knew that J.P. and S.C. were law enforcement officers. Akendeu attacked J.P.'s and S.C.'s persons, because Akendeu resisted arrest by law enforcement. See PSR ¶ 10, at 3. Akendeu was convicted of assaulting, resisting, impeding, intimidating, and interfering with a federal law enforcement officer, and so Akendeu was "motivated by a crime of conviction" to attack J.P. and

S.C.. Cf. United States v. Blackwell, 323 F.3d 1256, 1262 (10th Cir. 2003)(explaining, "[t]he offense of conviction in this case was possession of a firearm by a felon. Nothing about the status of the officers in any way motivated the commission of that offense, nor were the officers victims of that offense," and comparing the facts to convictions for drug possession, which are also not motivated by the officers' status). Accordingly, the Court will apply the 6-level enhancement.

**IT IS ORDERED** that: (i) the Defendant's Objections to Paragraphs 23, 31, 29 and 34 of the Presentence Report, filed December 11, 2018 (Doc. 42), are sustained in part and overruled in part; (ii) Defendant Kinsley Unfembou Akendeu's Objections to the 7-level enhancement pursuant to U.S.S.G. § 2A2.2(b)(3)(C) for "permanent or life-threatening bodily injury" in paragraph 23 of the Presentence Investigation Report, filed July 27, 2018 (Doc. 98)("PSR"), is overruled; (iii) because the enhancements under U.S.S.G. § 2A2.2(b)(2) and § 2A2.2(b)(2) "shall not exceed 10 levels," the 7-level enhancement will not increase the subtotal in paragraph 34 of the PSR and the base offense level does not change; (iv) Akendeu's Objections to the 6-level enhancement in his base offense level pursuant to U.S.S.G. § 3A1.2(b) in paragraph 29 and 31 of the PSR are overruled; and (v) Akendeu's Objection to the adjusted offense level in paragraph 34 of the PSR is overruled.

_____
UNITED STATES DISTRICT JUDGE


*Counsel:*

John C. Anderson
  United States Attorney
Norman Cairns
  Assistant United States Attorney
United States Attorneys Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Stephen P. McCue
  Federal Public Defender
Devon Fooks
  Assistant Federal Public Defender
Office of Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*